IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01150-BNB

JEFFREY STACKER,

    Plaintiff,

v.

ERIC HOLDER, Attorney General of the U.S.A.,
UNITED STATES BUREAU OF PRISONS et al.,
RICHARD W. SCHOTT, Regional Counsel, B.O.P.,
JULIE WANDS, Warden, FCI Florence,
DR. DeGOOT, Medical Provider, B.O.P.,
P.A. RITTER, Public Health Service,
DR. DREW RITTER, Medical Provider, B.O.P.,
P.A. VINEYARD, B.O.P. Physician Assistant, and
JOHN AND JANE DOE, et al.,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jeffrey Stacker, currently resides in Chicago, Illinois. At the time Mr. Stacker initiated this *pro se* action, a prisoner complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971), he was a prisoner in the custody of the United States Bureau of Prisons at ADX Florence.

The Court must construe the Complaint liberally because Mr. Stacker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Stacker will be ordered to file an Amended Complaint and assert how each named party violated his constitutional rights.

Mr. Stacker must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Stacker must name and show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may **not** be held liable on a **theory of respondeat superior** merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,___ F.3d ___, 2010 WL 3064002 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Stacker also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Stacker file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant action. It is

2

FURTHER ORDERED that the Clerk of the Court mail to Mr. Stacker, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Stacker fails within the time allowed to file an Amended Prisoner Complaint that complies with this Order, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED August 27, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01150-BNB

Jeffrey Stacker
105 South Ashland
Chicago, IL 60607

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/27/10

                                      GREGORY C. LANGHAM, CLERK

                                      By_____
                                               Deputy Clerk