IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01150-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 2 2010

GREGORY C. LANGHAM
CLERK

JEFFREY STACKER,

     Plaintiff,

v.

J. M. WILNER, Warden, FCI Florence,
SCHOFIELD, Food Service Administrator, FCI Florence,
CONDIFF, Food Service Supervisor, FCI Florence,
MICHAEL K. NALLEY, North Central Regional Director,
MR. KELLER, Health Service Administrator,
M.D. SANTINI, Contracted at FCI Florence,
P.A. RITTER, Medical Provider, FCI Florence, and
P.A. VINEYARD, Medical Service Provider,

     Defendants.

_____

## ORDER TO DISMISS IN PART AND TO DRAW IN PART
_____

When Plaintiff, Jeffrey Stacker, initiated this action he was in the custody of the

United States Bureau of Prisons and was incarcerated at FCI Florence. Subsequent to

filing the action he was released and now is residing in Chicago, Illinois. A magistrate

judge reviewed the Complaint and entered an order on August 27, 2010, in which he

determined that Mr. Stacker had failed to assert personal participation by named

Defendants and instructed him to file an Amended Complaint. After being granted an

extension of time, Mr. Stacker filed an Amended Complaint on October 19, 2010.

The Court must construe the Amended Complaint liberally because Mr. Stacker

is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Stacker asserts that Defendants J. M. Wilner, Schofield, and Condiff were notified that missing floor tiles needed to be replaced on the kitchen floor in the prison facility where Mr. Stacker worked helping prepare meals for the inmate population. Mr. Stacker also asserts that as a result of Defendants Wilner, Schofield, and Condiff's deliberate indifference he fell and broke two bones in his right foot and ankle. Mr. Stacker further asserts that Defendants Dr. Santini, Ritter, and Vineyard failed to provide proper medical treatment after he broke his foot and ankle and that as a result he suffered pain for three months. Mr. Stacker seeks compensatory damages.

With respect to Defendants Wilner, Schofield, Condiff, Santini, Ritter, and Vineyard, the action will be drawn to a district judge and to a magistrate judge. Defendants Michael K. Nalley and Keller, however, will be dismissed for the following reasons.

Mr. Stacker was instructed by the magistrate judge in the August 27 Order that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

2

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Stacker fails to state any claims against Defendant Keller. Although Mr. Stacker refers to a copy of an attached Administrative Remedy Appeal for a statement of the claims against Defendant Keller, nothing in the appeal states a claim against Mr. Keller. In the appeal, Mr. Stacker claims that Dr. Santini told him he needed to talk with Defendant Keller about ordering a stocking to wear after the removal of his cast but did not offer to contact Defendant Keller for Mr. Stacker. Mr. Stacker does not assert that Defendant Keller was made aware of Mr. Stacker's condition but failed to take action. Defendant Keller, therefore, will be dismissed from the action.

With respect to Defendant Nalley, the Tenth Circuit Court of Appeals has repeatedly noted that a defendant's "denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations." *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision))(internal quotation marks omitted). Mr. Stacker has failed to allege an affirmative link between Defendant Nalley and the alleged constitutional

violations of failing to replace the tile and to provide adequate medical treatment. Defendant Nalley, therefore, will be dismissed from the action. Accordingly, it is

ORDERED that the Complaint and action, as asserted against Defendants J. M. Wilner, Schofield, Condiff, Dr. Santini, Ritter, and Vineyard shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Defendants Michael K. Nalley and Keller are dismissed from the action.

DATED at Denver, Colorado, this __22nd__ day of __October__, 2010.

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01150-BNB

Jeffrey Stacker
105 South Ashland
Chicago, IL 60607

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/22/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk