IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01150-PAB-MEH

JEFFREY STACKER,

    Plaintiff,

v.

J. M. WILNER, Warden, FCI Florence,
SCHOFIELD, Food Service Administrator, FCI Florence,
CONDIFF, Food Service Supervisor, FCI Florence,
M.D. SANTINI, Contracted at FCI Florence,
P.A. RITTER, Medical Provider, FCI Florence, and
P.A. VINEYARD, Medical Service Provider,

    Defendants.

---

## RECOMMENDATION FOR DISMISSAL

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to participate in proceedings mandated by Fed. R. Civ. P. 26(f), failure to appear at the Status/Scheduling Conference held January 11, 2011, and failure to respond to this Court's Order to Show Cause for his failure to appear. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and

## BACKGROUND

This action was initiated as a prisoner action on May 10, 2010. The Plaintiff is proceeding *pro se*, and upon his release from prison, filed a second motion for leave to proceed in this matter *in forma pauperis* on August 23, 2010. Docket #14. The motion was granted and, upon the Court's order, Plaintiff filed an Amended Complaint on October 19, 2010. Docket #20. The case was referred to this Court on October 27, 2010; the Court then set a Scheduling Conference to take place on January 11, 2011 and ordered that the parties participate in a conference pursuant to Fed. R. Civ. P. 26(f) on or before December 21, 2010. Dockets #23 and #25. However, upon notice of non-appearance by any Defendants in the case and no filing of a proposed scheduling order, the Court converted the Scheduling Conference to a Status Conference on January 5, 2011. Docket #41. Noting that the last address provided by the Plaintiff reflects his residence in Chicago, Illinois, the Court permitted the parties to attend the conference by telephone. *Id.*

On January 11, 2011, J. Benedict Garcia, Assistant U.S. Attorney, appeared in person at the Status Conference in a limited capacity for Defendants Ritter, Vinyard, Condiff, and Santini. Mr. Garcia informed the Court that Plaintiff did not initiate nor participate in the required Rule 26(f) conference and has provided no input for a proposed Scheduling Order. In addition, Mr. Garcia stated that he had had no contact with the Plaintiff about the present case. While on the record, the Court attempted to contact the Plaintiff by calling the telephone number provided by the Plaintiff, but left a voicemail message after receiving no answer. Consequently, the Court requested that

---

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Defendants attempt to discover whether the address provided by Plaintiff is current.

Defendants filed a Status Report later in the day, January 11, 2011, informing the Court that defense counsel contacted an individual at the address provided by Plaintiff, identified as the "Salvation Army." Docket #45. The individual confirmed that Plaintiff was not currently a resident there and had left no forwarding address or telephone number.

Consequently, this Court ordered Plaintiff to show cause on or before January 31, 2011 why this case should not be dismissed for his failure to prosecute the action. Docket #46. Plaintiff was advised that his failure to timely respond to the Order to Show Cause would result in this Court issuing a recommendation to dismiss the action for failure to prosecute. *Id.* The Plaintiff did not respond.

The Court notes that, beginning in November 2010, the Court's mailings to Plaintiff have been returned as "undeliverable." *See* dockets #26, #27, #28, #39, #47, #48, and #49. It is the Plaintiff's obligation to notify the Court of any change of address. D.C. Colo. LCivR 10.1M.

## **DISCUSSION**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff was required to cooperate in the required Rule 26(f) meeting and the preparation of a Scheduling Order on or before December 21, 2010. Docket #25. In addition, he was ordered to appear at the Status/Scheduling Conference held January 11, 2011. *Id.*; *see also* docket #41. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case have caused the Defendants prejudice because they have been deprived of information and documents necessary to defend against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate and appear have interfered with the judicial process in that the Court has been unable to issue a Scheduling Order in this case. Additionally, the necessity of issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court orders and to participate in the litigation; thus, his culpability is evident. Plaintiff was warned in the Order to Show Cause that the Court would recommend dismissal for his failure to prosecute; yet, he has made no response and has failed to request additional time within which to do so. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## CONCLUSION

The Plaintiff appears to have abandoned his claims in this matter. He has failed to prosecute the case with due diligence by his failures to participate in a Rule 26(f) conference in this matter, failure to cooperate in the preparation of a Scheduling Order, failure to appear at the Status/Scheduling Conference, and failure to respond to this Court's order to show cause or to properly request an extension of time to respond if he was unable to do so in a timely manner. For these reasons alone, dismissal of this action against the Defendants is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b),

I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiff's failure to prosecute this action.

Dated this 7th day of February, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge