IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01150-PAB-MEH

JEFFREY STACKER,

        Plaintiff,

v.

J. M. WILNER, Warden, FCI Florence,
SCHOFIELD, Food Service Administrator, FCI Florence,
CONDIFF, Food Service Supervisor, FCI Florence,
M.D. SANTINI, Contracted at FCI Florence,
P.A. RITTER, Medical Provider, FCI Florence, and
P.A. VINEYARD, Medical Service Provider,

        Defendants.

_____

**ORDER**

_____

        This matter comes before the Court on the Recommendation for Dismissal (the

"Recommendation") [Docket No. 50] filed by United States Magistrate Judge Michael E.

Hegarty on February 7, 2011.  Magistrate Judge Hegarty recommends that plaintiff's

case be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).  The Recommendation states that objections to the

Recommendation must be filed within fourteen days after its service on the parties.  *See*

*also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on February 7, 2011,

and no party has objected to the Recommendation.[1]

_____

        [1]The Clerk of the Court mailed plaintiff a copy of the Recommendation at the
address he provided in July 2010 in a notice of change of address.  *See* Docket No. 9.
The Recommendation was returned as undeliverable.  *See* Docket No. 51.  The

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[2]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

ORDERED that the Recommendation for Dismissal [Docket No. 50] is ACCEPTED.  It is further

ORDERED that this case is dismissed with prejudice.  Judgment shall enter in favor of defendants and against plaintiff.

---

Recommendation recounts efforts to reach plaintiff by telephone and to determine whether his address had changed.  *See* Docket No. 50 at 2-3; *see* Docket No. 45. Plaintiff's failure to update his address and telephone number does not excuse any failure to object or toll the period in which to do so.  *See* D.C.COLO.LCivR 10.1M ("Within five days after any change of address . . . or telephone number of any . . . pro se party, notice of the new address . . . or telephone number shall be filed.").

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

DATED February 25, 2011.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge